# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMIE LAMPHERE, Personal Representative of the ESTATE OF KRISTOPHOR JOHN LAMPHERE, deceased, TAMMIE LAMPHERE, individually, MARISSA CHACON, individually, by and through her mother, TAMMIE LAMPHERE, BRIANA CHACON, individually, by and through her mother, TAMMIE LAMPHERE, LINDA KOLM, Personal Representative of the ESTATE OF KARL KOLB, deceased, LINDA KOLB, individually, BRETT KOLB, individually, DONALD L. WOMBLE, SR., Personal Representative of the ESTATE OF DONALD L. WOMBLE, JR., deceased, DONALD L. WOMBLE, SR., individually, JEANNE WOMBLE, individually, KRISTIN WOOMBLE, individually, by and through her mother, STACEY L. GARDNER, AMBER WOMBLE, individually, DONALD L. WOMBLE, III, by and through his mother, STACEY L. GARDNER,<br><br>        Plaintiffs,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | CASE NO. 06CV2174-LAB (JMA)<br><br>**ORDER RE CHOICE OF LAW FOR DAMAGES DETERMINATION**<br><br>[Dkt No. 21] |

  This consolidated action arises out of an October 24, 2004 airplane crash into a mountainside shortly after takeoff from Brown Field Municipal Airport in San Diego, California. There is no dispute the plane was owned and operated by Medflight, an Albuquerque, New

Mexico based air ambulance service. The flight had originated nine hours earlier from Albuquerque and was on the fourth leg of a trip that had included stops in El Paso, Texas and Manazanillo, Mexico. All five persons on board (the pilot, co-pilot, and three paramedics) were killed. Plaintiffs sue the United States of America under the Federal Tort Claims Act ("FTCA") alleging, among other things, errors on the part of the government's Air Traffic Control employees which they contend caused or contributed to the crash.

The matter is before the court on plaintiffs' Motion For Determination Of Appropriate Law Of Damages ("Motion"). They contend because all the victims were from either New Mexico or Texas, those states have a greater interest than California in the type of damages available to compensate their states' resident survivors. Under California law, the court performs an independent choice of law analysis with respect to damages issues and liability issues. *See* Browne v. McDonnell Douglas Corp., 504 F.Supp. 514, 517 (N.D. Cal. 1980), *citing* Beech Aircraft Corp. v. Superior Court, 61 Cal.App.3d 501 (1976). Plaintiffs demonstrate the proper result is that California law should apply for a determination of liability, but the damages law of New Mexico should apply to the claims made on behalf of those who lived and worked in New Mexico. The United States responded to the Motion and concurs the law of New Mexico should apply to damages issues where plaintiffs are residents of New Mexico and, accordingly, does not oppose their request for that determination.[1] Dkt No. 22.

The FTCA provides the liability of the United States must be determined "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). California law, including its choice of law rules, thus applies. California has adopted a "government interest" approach to resolving choice of law questions. Reich v. Purcell, 67 Cal.2d 551 (1967). The analysis proceeds through three steps. First, the court determines whether the substantive laws of the two jurisdictions differ on the issue presented. Waggoner v. Snow, Becker, Kroll, Klaris & Krauss, 991 F.2d 1501, 1506 (9th Cir. 1993); Ledesma v. Jack Stewart Produce, Inc., 816 F.2d 482, 484 (9th Cir. 1987). If not, the law of the forum

---

[1] The Motion applies to the claims in the Lamphere action, but not to claims in the consolidated Read case, as the latter plaintiffs appear to reside in Texas.

1 applies. If the laws differ, in a second step the court determines whether a "true conflict"
2 exists, *i.e.*, whether "both states have a legitimate interest in having their law apply."
3 Waggoner, 991 F.2d at 1506; Liew v. Official Receiver and Liquidator, 685 F.2d 1192, 1196
4 (9th Cir. 1982). When both states have a true "governmental" interest in seeing their law
5 applied, the court performs a "comparative impairment" analysis in a third step to determine
6 which jurisdiction's interests would be most impaired if its policies were subordinated to those
7 of the other jurisdiction. Liew, 685 F.2d at 1196; Waggoner, 991 F.2d at 1507.

8 As demonstrated in the parties' papers, the substantive laws of New Mexico and
9 California differ on the measure of damages recoverable in wrongful death actions. At step
10 two, the parties concur -- and this court finds -- no "true conflict" exists, however, because
11 California has no interest in seeing its damages law apply to a case concerning non-
12 residents, whereas New Mexico has a legitimate interest in seeing is residents compensated
13 to avoid their dependency on state support or services. The analysis terminates in these
14 circumstances at step two.

15 For all the foregoing reasons, **IT IS HEREBY ORDERED** the unopposed Motion is
16 **GRANTED**. The measure of damages issues will be decided applying the law of New Mexico
17 to the claims of the New Mexico resident plaintiffs. **IT IS FURTHER ORDERED** the Motion
18 hearing presently scheduled for May 21, 2007 is *off-calendar*.

19 **IT IS SO ORDERED**.

21 DATED: May 9, 2007

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge